FILED'10 JAN 15 12:14usr

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FRED C. NICHOLS,

        Petitioner,        Civil No. 07-1173-CL

        v.        REPORT AND RECOMMENDATION

BRIAN BELLEQUE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to the First Amended Judgment dated January 10, 2003, from Yamhill County Circuit Case No. CR02-0370, after convictions for Sodomy in the First Degree (two counts), Rape in the First Degree (three counts), Unlawful Sexual Penetration in the First Degree (two counts), Sexual Abuse in the First Degree (four counts), and Attempted Sexual Abuse in the First Degree. Exhibits to Answer (#19), Exhibit 101.Following a guilty plea, the court sentenced petitioner to

1 - REPORT AND RECOMMENDATION

a total of 507 months of imprisonment. Id.

Petitioner did not directly appeal his convictions.

Petitioner filed an Amended Formal Petition for Post-Conviction relief, Exhibits to Answer (#19), Exhibit 106, but the court denied relief. Exhibits to Answer (#19), Exhibit 114. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits to Answer (#19), Exhibits 118 and 119.

Petitioner pro se filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (#2). By Order (#5) entered August 27, 2007, the Public Defender was appointed to represent petitioner. Between June 13, 2008 and March 16, 2009, petitioner was allowed six (6) tensions of time to file an amended petition. On May 15, 2009, petitioner filed a Memorandum in Support of Petition for Writ of Habeas Corpus (#41). Respondent has filed a Response to Petition for Habeas Corpus (#42) and Petitioner has filed a Reply Brief (#49). No amended petition was ever filed and the court can only assume that petitioner's counsel decided to proceed on petitioner's claims as alleged in the pro se petition (#2).

Petitioner's pro se petition alleges the following grounds for relief:

> <u>Ground One</u>: Due process violations.
> <u>Supporting facts</u>: See attachment PCR.
>
> <u>Ground Two</u>:  Lack of objection trial attorney.
> <u>Supporting facts</u>: Petitioner's trial attorney failed to properly object to the court imposing an excessive and improper sentence when it sentenced petitioner.

2 - REPORT AND RECOMMENDATION

>   <u>Ground Three</u>: Change of plea hearing and sentencing hearing not fair and impartial.
>   <u>Supporting facts</u>: Petitioner did not receive a fair and impartial plea hearing and prior.
>
>   <u>Ground Four</u>: Trial counsel deficient and incompetent.
>   <u>Supporting facts</u>: Petitioner was not mentally competent to stand trial. Petitioner's guilty plea was obtained without his understanding of the consequences of this plea. Petitioner's conviction was obtained by a coerced confession. Petitioner's plea was unknowing. Petitioner's trial counselor allowed all of the above to transpire violating petitioner's rights to competent counsel.

Petition (#2) p. 6-11.

Petitioner's Memorandum in Support of Petition[1] alleges that "[petitioner] claims, in essence, that he was disabled by his three combat tours in Viet Nam and as a result: (1) his guilty pleas were not knowing, voluntary and intelligent due to 'mental incompetence;' and (2) in light of these circumstances his 422-month sentence was 'excessive and improper.'" Memorandum in Support of Petition (#41) p. 1.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time

---

[1] Filed by petitioner's counsel.

3 - REPORT AND RECOMMENDATION

the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and allege facts showing a right to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. Castillo, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be

4 - REPORT AND RECOMMENDATION

considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. Coleman v Thompson, supra; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, O'Sullivan, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993);

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119,

5 - REPORT AND RECOMMENDATION

1123 (9th Cir. 1991).

"Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). The fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default. <u>Id</u>. at 486. Nor does an ineffective assistance of counsel claim constitute "cause" for the default if the ineffective-assistance claim was, itself, defaulted. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 450-51 (2000). Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default. <u>Coleman</u>, 501 U.S. at 572.

"Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. <u>U.S. v. Frady</u>, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. <u>Id</u>.

In the extraordinary case, cause for procedural default may be established by demonstrating a "fundamental miscarriage of justice," <u>Coleman</u>, 501 U.S. at 750, resulted in a "constitutional violation [that] probably resulted in the conviction of one who is actually innocent." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986); <u>Noltie</u>, 9 F.3d at 806.

As set forth above, petitioner did not directly appeal

6 - REPORT AND RECOMMENDATION

his convictions. He filed a petition for post-conviction relief alleging various grounds for relief.[2] Exhibits to Answer (#19), Exhibit 106. Petitioner moved for a continuance of the PCR trial date on grounds that he needed a psychiatric evaluation to support his claims. Memorandum in Support (#41), Exhibit 2, p. 1. The court denied petitioner's motion for continuance on the ground that the already existing psychiatric records provided sufficient evidence and that a current evaluation would not add to the proceeding. Memorandum in Support (#41), Exhibit 3, p. 1. Petitioner renewed the motion for continuance at the PCR trial, but the court again denied it. Exhibits to Answer (#19), Exhibit 113. After a trial, the PCR court denied relief. Exhibits to Answer (#19), Exhibits 113 and 114. Petitioner appealed the judgment of the PCR court, arguing only that the PCR court erred in denying his motion to continue the trial to obtain a medical examination. Exhibits to Answer (#19), Exhibit 115. The Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits to Answer (#19), Exhibit 119 and Exhibit 118.

The only claim of error raised in petitioner's PCR appeal was that the PCR court erred by denying petitioner's request for continuance.[3] Petitioner did not appeal the grounds for

---

[2] Petitioner's petition in this proceeding incorporates the PCR claims by reference. See, Petition (#2) p. 6 (Ground One).

[3] Petitioner alleged two separate assignments of error concerning "the same legal error." See, Exhibits to Answer (#119)

7 - REPORT AND RECOMMENDATION

relief alleged in his Amended Formal Petition for Post-Conviction Relief and therefore has procedurally defaulted those claims. None of the Grounds for relief alleged his federal petition were raised in petitioner's post-conviction appeal or his petition for review to the Oregon Supreme Court.

Petitioner's Memorandum in support (#41) argues that the PCR court's denial of his motion for a continuance prevented him from developing the factual basis for his claims. For the reasons set forth in the court's Order (#52) (denying petitioner's motion to expand the record) petitioner's argument in this regard is not convincing. Moreover petitioner's argument begs the question of whether or not petition exhausted his claims. Petitioner has not alleged any cause and prejudice for his failure to appeal the PCR *claims.*

I find that petitioner procedurally defaulted the claims raised in this proceeding and has not demonstrated any cause and prejudice that would excuse the default. Nor has petitioner demonstrated entitlement to the "fundamental miscarriage of justice" (actual innocence) exception to the exhaustion requirement.

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

---

p. 3, fn. 2.

8 - REPORT AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.** <u>See</u>, **28 U.S.C. § 2253(c)(2).**

DATED this 15 day of January, 2010.

_____
Mark D. Clarke
United States Magistrate Judge

9 - REPORT AND RECOMMENDATION