FILED'10 MAR 15 14:49 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRED C. ECHOLS,

    Petitioner,　　　　　　　　　Civ. No. 07-1173-CL

  v.　　　　　　　　　　　　　　　　**OPINION AND ORDER**

BRIAN BELLEQUE,

    Respondent.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation ("R and R") [#54], and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Petitioner timely filed objections [#56] to the R & R. Accordingly, I have reviewed the file of this case *de novo*. See 28 U.S.C. § 636(b)(1)(c); McDonnell Douglas Corp. v. Commodore

1 - ORDER

Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the R & R is correct.

## DISCUSSION

Petitioner raises two specific objections to the R & R. First, "Petitioner objects to the Magistrate Court's Finding that he Procedurally Defaulted his Claims." (Petitioner's Objections to Findings and Recommendation, 2.) As noted in the R & R, petitioner's claims are procedurally defaulted. (Report and Recommendation, 2-3, 7-8.)

Attempting to demonstrate cause and prejudice to excuse this default, petitioner argues that "petitioner cannot be required to bear the risk of attorney error that resulted in the procedural default because counsel was not acting as petitioner's agent with regard to the default." (Memorandum in Support of Petition for Writ of Habeas Corpus; Request for Evidentiary Hearing, 2.) This argument is foreclosed by the United States Supreme Court decision in Coleman v. Thompson, 501 U.S. 722, 752-53 (1991)(there is no constitutional right to an attorney in PCR proceedings and petitioner must "bear the risk of attorney error that results in a procedural default); see also Boyd v. Belleque, 2004 WL 1274406 *5 (D. Or 2004)(citing Coleman in rejecting petitioner's agency-based argument that attorney failure during PCR proceedings demonstrates cause excusing procedural default).

Additionally, petitioner's allegation that the state court prevented him from fully developing the factual record is meritless. As noted in Judge Clarke's October 22, 2009 order,

2 - ORDER

"[t]he denial of a July 23, 2004, motion for a continuance to obtain a mental health evaluation had nothing to do with petitioner's ability to submit [the 2001 and 2002 medical records] to the PCR court." (Order, 2-3.) In short, petitioner failed to exercise due diligence in obtaining and presenting his medical records to the PCR court.

Second, petitioner objects to Judge Clarke's denial of his motion to expand the record and request for an evidentiary hearing. (Petitioner's Objections to Findings and Recommendation, 3.) On October 22, 2009, Judge Clarke issued an order denying petitioner's request [#52]. Petitioner had ten (10) days to object to that order. Fed. R. Civ. P. 72(a)[1]; 28 U.S.C. § 636(b)(1)(A). Accordingly, petitioner's objection, coming more than three months after the order, is untimely. Alternatively, petitioner's objection fails on the merits, as discussed briefly above (regarding petitioner's failure to exercise due diligence in presenting his medical records to the PCR court).

///
///
///
///
///
///
///

---

[1] As of December 1, 2009, parties now have 14 days to object to nondispositive orders. Fed. R. Civ. P. 72(a)(updated December 1, 2009).

3 - ORDER

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#54) is adopted. The petition (#2) is denied and this action is dismissed. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(2).

IT IS SO ORDERED.

DATED this 15 day of March, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE